**Barbara E. DOUGLAS, Plaintiff–Appellant,**

v.

**Louis CALDERA, Secretary, Department of the Army, Defendant–Appellee.**

No. 01–3607.

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2002.

Before RYAN and GILMAN, Circuit Judges; POLSTER, District Judge.*

Barbara E. Douglas, an Ohio resident proceeding through counsel, appeals the judgment of a magistrate judge dismissing her employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–3 and 16. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On June 23, 2000, Douglas, a female, filed a pro se complaint against Louis Caldera, former Secretary of the Department of the Army. Douglas subsequently retained counsel, who filed an amended

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

complaint on her behalf. Douglas alleged that she was employed as a GS–11 Education Services Specialist with the United States Army Recruiting Battalion in Cleveland, Ohio, from September 1993 until August 1994. Douglas alleged that, during the course of her employment, she was discriminated against because of her gender and retaliated against for engaging in Equal Employment Opportunity ("EEO") activity. Specifically, Douglas alleged that she was disciplined in the form of verbal and written counseling because of her gender and was denied permission to attend a training workshop in retaliation for her filing of EEO complaints.

The parties consented to have a magistrate judge exercise jurisdiction over the action pursuant to the provisions of 28 U.S.C. § 636(c). Caldera filed a motion to dismiss, to which Douglas responded. Because the record contained material outside of the pleadings, which the magistrate judge did not exclude from consideration, the magistrate judge characterized Caldera's motion to dismiss as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b); *Soper v. Hoben*, 195 F.3d 845, 850 (6th Cir.1999). The magistrate judge granted Caldera's motion and dismissed the case. Douglas has filed a timely appeal. We review the magistrate judge's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001).

Upon review, we conclude that the magistrate judge properly granted judgment in favor of Caldera. Douglas did not establish a prima facie case of either gender discrimination or retaliation. An element common to both gender discrimination and retaliation claims is that the plaintiff suffer an adverse employment action. *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 928 (6th Cir.1999) (gender discrimination); *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 343 (6th Cir.1998) (retaliation). An adverse employment action is a "materially adverse change in the terms and conditions of [the plaintiff's] employment." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 461 (6th Cir.2000) (sexual harassment) (quoting *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir.1999)).

[A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

*Id.* at 461–62 (quoting *Hollins*, 188 F.3d at 662). "[D]e minimis employment actions are not materially adverse and, thus, not actionable." *Id.* at 462.

Douglas failed to raise a genuine issue of material fact regarding whether she was subjected to an adverse employment action affecting the terms and conditions of her employment. Douglas asserts that the adverse actions taken against her were verbal and written counseling and the denial of her request to attend a training workshop. However, Douglas was not demoted, she was not denied a promotion, she did not lose any wages or benefits, and the duties of her position were not materially changed in a manner that seriously impacted the conditions of her employment as a result of the counseling and denial of training. Although Douglas contended that "[i]t was critical to [her] career that she be permitted to attend the ACES [Army Continuing Education System] training," she offered no evidence in sup-

port of her contention. In sum, Douglas's conclusory allegations are insufficient to raise a genuine issue of material fact regarding her claim of gender discrimination.

Accordingly, the magistrate judge's judgment is affirmed.